In the Matter of the Estate of

**ELIZABETH LaBEET, Deceased**

Probate No. 17-1932

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 2, 1937

C. G. THIELE, Esq., Charlotte Amalie, *for himself and co-executor*, LUDVIG CHRISTENSEN

DANTE BERETTA, *co-executor, appeared without counsel*

HASTIE, *Judge*

C. G. Thiele, one of the executors herein, has prayed for instructions concerning the authority of the executors to dispose of premises No. 45 and 46 Prindsens Gade which is part of this estate. The petitioner and his co-executors, Ludvig Christensen and Dante Beretta, have appeared before the Court, and the Court is fully advised of the wishes and views of each of the three executors.

It appears of record that the estate is solvent. The executors have filed a petition for distribution showing cash on hand sufficient for the payment of all outstanding charges and for the payment of legacies. However, since the filing of that petition, the executors have received from a prospective purchaser a cash offer for No. 45 and 46 Prindsens Gade. Executors Christensen and Thiele wish to accept the offer. Executor Beretta is not willing.

■ Under the will of the testatrix, the property in question is part of a residuary devise to six daughters and a grandson. The will confers upon the three executors discretionary power to sell any real or personal property. It is a general and well established rule of law that such a power cannot be exercised by less than all of the executors who have qualified and are engaged in the administration of the estate. Floyd v. Johnson, 2 Littell (Ky.) 109, 13 Am. Dec. 255; Wilson v. Mason, 158 Ill. 304, 49 Am. St. Rep. 162; Trogdon v. Williams, 144 N.C. 192, 10 L.R.A. (n.s.) 867; 3 Alexander, Wills, 2333.

■ There is no evidence of bad faith or arbitrary action on the part of the executor who will not consent to the proposed sale. The case is one of a difference of opinion as to whether it is for the best interest of the estate as a whole to grant a certain right of way which the prospective purchaser wishes to acquire with the parcel in question. In naming three executors and in granting them discretionary power to sell any part of the estate, the testatrix relied upon the combined and unanimous judgment of all three executors as embodying the discretion which she wished to have exercised in the disposing of her estate. So long as any executor believes that a sale will not promote the interests of the estate, the power given by the testatrix cannot be exercised.

■ Apart from the power of sale contained in the will, the only other power to sell real property during the course of administration of an estate is the power granted by the Code (1921). The Code contains no provision for sale of real property where, as in the present case, the estate is solvent, contains cash adequate for all purposes of administration, and is ready for final settlement.

In the circumstances, the executors will be and are instructed to prepare and present a formal adjudication

consistent with their petition for final distribution and to proceed with the distribution and final settlement of the estate.